BAY CITY IRON CO. v. EMERY.

1. ACCOUNTS—MUTUALITY—STATUTE OF LIMITATIONS.
   A credit given to defendant without his knowledge, on an account which he had always denied owing, could not make the account a mutual one, so as to save it from the operation of the statute of limitations.

2. SAME—INSTRUCTIONS.
   An instruction that, unless a payment had been made on the account sued upon within six years, it was outlawed, is not subject to the objection that the jury might have understood that a payment in money was required, where, on the whole charge, it would have been impossible for them to draw that inference.

3. SAME.
   In an action on an open account, in which the sole defense interposed was the statute of limitations, plaintiff contended that the case was taken out of the statute by a credit given to defendant, while defendant claimed that such credit was without his knowledge, and that he had always denied liability on the account, on the ground that a third person was the real debtor.   *Held*, that it was not error for the court to refer in the charge to the reason given by defendant for denying his liability.

Error to Bay; Shepard, J.    Submitted October 8, 1901. Decided October 22, 1901.

*Assumpsit* by the Bay City Iron Company against Henry F. Emery to recover a balance due on an open account.    From a judgment for defendant, plaintiff brings error.    Affirmed.

*T. A. E. & J. C. Weadock*, for appellant.

*James Van Kleeck*, for appellee.

MONTGOMERY, C. J.    *Assumpsit* for balance due on an account for repairs done upon an engine in August, 1889, and some smaller items for work done at an earlier date.    The sole defense was that the debt was outlawed. Defendant testified that he always denied liability upon the account, claiming that it was for one Glover to pay. Plaintiff's witness who had charge of the account does not dispute this, but corroborates defendant.    In October, 1895, plaintiff gave the defendant credit for $15 upon the account in question, for the use, in October, 1894, of two engines, one of which belonged to defendant and one to his son.    Defendant testified that this transaction was between his son and the plaintiff, and that defendant was not notified that the credit was given to him until a few days before the bringing of the present action.    Plaintiff's witness testified that the transaction was with the defendant, and that it was understood that he was to have the pay for the work, and that statements were sent to him with the credit indorsed.

The court charged the jury as follows:

"Now, if you find there was no understanding or agreement between them in regard to the credit of the $15, then it does not avail as a payment to take this claim out of the statute of limitations, or to prevent its being barred, because the parties must agree upon the payment.    The plaintiff cannot, by giving credit upon an account,—upon an outlawed bill, or a bill that may be outlawed,—for the purpose of preventing the running of the statute, make a

credit, at his own volition, on that account, and save the running of the statute. He cannot do it unless it is agreed between the parties that there is to be an application upon the account; and that is a question for you to determine, whether or not it was understood between the parties that such a credit was to be made to Mr. Emery, and that it was to be credited upon that account, and properly applied upon it. If it was so understood between them, then it would be a proper application, and the plaintiff might maintain this action; otherwise it cannot,—and that is the question for you to determine."

This instruction was sufficiently favorable, and covered all the material questions in the case. While it may be sufficient, to constitute a mutual account, that credit is furnished by one party to the other, in reliance that upon settlement the accounts shall be allowed the one to offset the other, as was said in *Re Hiscock's Estate*, 79 Mich. 536 (44 N. W. 947), it cannot be held that there are mutual accounts when one party denies liability upon the claim of the other, and credit is given to such party with full knowledge of the fact that it is clearly against his intention that the account shall be so applied. See *Kimball* v. *Kimball*, 16 Mich. 217; *Lester* v. *Thompson*, 91 Mich. 250 (51 N. W. 893).

The plaintiff also complains of a charge that, unless a payment had been made on the account within six years before suit, the debt was outlawed, upon the theory that the jury might have understood it to mean a payment of money. We think that, on the whole charge, it would have been impossible for the jury to draw this inference.

Another assignment of error is based upon allusions in the charge to the fact that defendant claimed to have always denied the account, and to the grounds upon which he based such denial. Plaintiff's counsel state in their brief that the question of whether these items were properly chargeable to the defendant or to some third person was submitted to the jury. We think, however, that this is not the case, and, further, that a reference to these alleged facts was necessary in order to place fairly before

the jury the question of whether the account was denied by the defendant at the date of the credit. The court might properly have said to the jury that, under the undisputed testimony, the defendant did deny liability and refuse payment upon plaintiff's account.

No error was committed to the prejudice of plaintiff, and the judgment will be affirmed.

HOOKER, MOORE, and LONG, JJ., concurred. GRANT, J., did not sit.